JOSEPH T. PATTERSON v. BENJAMIN C. GALUSHA.

CONVEYANCE OF LAND—*Rescission of Sale—Inadequate Consideration—
Evidence.* G., who owned a quarter section of land, conveyed 140
acres of the same to P., in consideration that P. would assume and
pay a mortgage indebtedness which existed against the land. After-
ward, G. brought an action to recover from P. 10 acres of the land,
or the value of the same, alleging that P. had misrepresented the
nature and amount of the indebtedness, and that 130 acres was suffi-
cient consideration for the debt assumed. Upon the testimony in the
record, it is *held,* that the parties stood upon an equal footing; that
the nature and amount of the debt assumed and the material facts in
the transaction were equally within the knowledge of both; and that
there was no such deception and fraud on the part of P. as will defeat
the conveyance of the land, or justify a recovery in favor of G.

*Error from Republic District Court.*

THE opinion herein, filed May 5, 1894, states the nature
of the action and the material facts.

*A. D. Wilson,* and *T. M. Noble,* for plaintiff in error.

*J. B. Skinner,* and *Close & Van Natta,* for defendant in
error.

The opinion of the court was delivered by

JOHNSTON, J : This was an action brought by Benjamin
C. Galusha to declare void a transfer of 10 acres of land al-
leged to have been fraudulently obtained from him by Joseph
T. Patterson, or to recover the value of such land, together
with the rents and profits of the same for a period of two

years.    Prior to April, 1885, Galusha was the owner of a
quarter section of land in Republic county, and on April 24,
1885, he negotiated a loan of $1,000 upon the same, which
was payable in five years, and the agreed rate of interest was
9 per cent. per annum.    To secure the loan, he executed two
mortgages, one for $1,000, bearing interest at the rate of 7
per cent. per annum, and a commission mortgage for $100,
payable in installments of $20 each year, the last installment
to be paid at the end of five years.    The notes secured by
these mortgages were separate and distinct, and each of the
mortgages was independent of the other.    Afterward, and in
the same month and year, Galusha gave a third mortgage
upon the same tract of land to the Lombard Investment
Company, to secure a debt of $300, which bore interest at
the rate of 12 per cent. per annum.    In 1886, Galusha, fear-
ing that he could not meet his indebtedness as it matured,
entered into negotiations with Patterson to assume and pay
the indebtedness for a portion of the mortgaged land.    Ga-
lusha represented that there was only $1,300 of the mortgage
debt, and, after considerable negotiation, it was agreed that
Patterson would assume and pay the mortgage indebtedness
for as many acres of land at the price of $10 per acre as
would be equal to the assumed debt.    Before the execution
of the deed and the closing of the transaction, it was discov-
ered that there were three mortgages existing against the land,
and that the sum of the mortgage debt was $1,400.    At first,
Galusha insisted that there was a mistake in respect to the
amount of the debt, but an inspection of the records, which
was then made by the parties, left no doubt upon the ques-
tion, and Patterson declined to assume the debt for 130 acres
of the land, as was originally contemplated, and, finally, it
was agreed that Galusha should transfer to him 140 acres of
the tract in consideration of the assumption.    Provision was
made for the accumulated interest, and a deed for 140 acres
of the land was executed and delivered by Galusha to Pat-
terson.

    In his petition, Galusha alleges that by the fraud and mis-

representations of Patterson he was led to believe that the mortgage indebtedness against the land was $100 greater than it actually was; that Patterson procured an abstract of the land showing three mortgages, one for $1,000, one for $100, and a third for $300, and that by representing that the $100 mortgage was a separate and distinct liability against Galusha and a lien upon the land, he was fraudulently induced to convey 140 acres of land, when, had it not been for the alleged misrepresentations and frauds, he would have deeded only 130 acres. Galusha does not repudiate the entire transaction, nor does he offer to restore the consideration or put Patterson in the condition he was in before the execution of the deed. He asks the court to declare the transaction to be fraudulent, and at the same time wishes to retain the benefits of the transaction. The trial in the court below resulted in a judgment in favor of Patterson for $122.40.

We fail to find in the record such deception and fraud on the part of Patterson as will defeat the conveyance of the land, or justify the judgment that was given. When Patterson agreed to assume the mortgage debt for 130 acres of land, it was the understanding of both parties that such debt did not exceed $1,300. Galusha had forgotten the existence of the $100 mortgage when the bargain was made, and Patterson had no knowledge of it until he obtained an abstract of title, prior to the closing of the transaction. Even then Galusha refused to believe that he had given the mortgage, and was not convinced that he had until after consultation with an attorney, who examined the abstract that had been prepared. It is not claimed that Galusha was incapacitated by age or infirmity, nor that any fiduciary or confidential relation existed between him and Patterson. He had as good or better opportunity to know the real facts with reference to his indebtedness than Patterson had, and in fact the matter now in dispute was brought to his attention and thoroughly canvassed before the bargain was closed and the deed executed.

It is said that Patterson perpetrated a fraud by misrepresentation as to the nature of the $100 mortgage, but it was

24—53 KAS.

in fact a liability against Galusha and a lien upon the land. It was a matter of record in the county where the land was situated, and his attention was specifically drawn to it before the deed was made. He not only had an opportunity to ascertain the truth concerning it, but an inquiry was instituted and the truth was learned. Both parties stood upon an equal footing, and we are unable to see that there was any concealment or misrepresentation of any material fact by Patterson. When the dispute arose as to whether the indebtedness was $1,300 or $1,400, Galusha submitted the matter to J. B. Skinner, who is now his attorney, and after an examination by him he declared that it amounted to $1,400, when Galusha directed him to make out the deed for 140 acres. Galusha may have been ignorant of the form of the debt, but he was certainly not ignorant of its existence at the time the bargain was completed and the deed executed. His agreement was for 140 acres of land for the assumption of the debt, which was then ascertained to be $1,400, and no greater quantity is included in his deed. The testimony in the record, therefore, fails to sustain the judgment, and hence it will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.